# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA J. LADD, | ) |
| Plaintiff, | ) Case No. 2:13-cv-02319-RCJ-NJK |
| vs. | ) **ORDER** |
| KELLY SERVICES, INC., | ) Application to Proceed *In Forma Pauperis* (Docket No. 1) |
| Defendant. | ) |

Plaintiff Pamela J. Ladd is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on December 20, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*. See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555

(2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

A claim may be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter jurisdiction must exist at the time an action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013). Further, as Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**A.   Background**

Plaintiff alleges discrimination, harassment and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). She also alleges a violation of the Age Discrimination and Employment Act of 1967 ("ADEA"). Docket No. 1-1. Plaintiff alleges that she was subjected to harassment, race discrimination and age discrimination by Defendant, and was then wrongfully terminated in March 2012 after complaining. *Id*., at 2. She alleges that he was a 61-year old African American female at the time the incident occurred. *Id*. Plaintiff alleges that Amber Fontaine, the manager of Kelly Services on Durango Road, requested that Plaintiff restructure her resume, deleting the majority of Plaintiff's IBM experience and concentrating solely on her Nevada experience. *Id*., at 3. Plaintiff further alleges that she worked under "intolerable conditions in the cold weather at Nike," where she was selected to wash windows, causing her to become ill. *Id*. Additionally, Plaintiff alleges that, after she filed her complaint (though she does not

1 allege with whom she filed the complaint, or what type of complaint she filed), she was repeatedly accused
2 of having a hostile and disruptive demeanor. *Id*. Plaintiff appears to allege that Amber Fontaine, Jim
3 McNeill and Sharon Stone made these allegations, though she fails to allege the positions of Mr. McNeill
4 and Ms. Stone within the company. *Id*., at 4. Finally, Plaintiff alleges that Sharon Woods, a manager at
5 Kelly Services' Human Resources, informed Plaintiff that "everyone" agreed Plaintiff was unprofessional,
6 and that Defendant would terminate Plaintiff as of March 20, 2012. *Id*. Plaintiff fails to allege whether
7 she filed a complaint with the Equal Employment Opportunity Commission (EEOC) and whether she
8 exhausted his administrative remedies regarding the alleged discrimination, harassment and retaliation prior
9 to filing her Complaint with this Court. Docket No. 1-1.

      **B.**     **Legal Analysis**

In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). Under Title VII, a plaintiff must exhaust her administrative remedies "by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B.*, 276 F.3d at 1099. "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) (*quoting Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n. 325 (D.C. Cir.1976)); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge...."). The district court does not have subject matter jurisdiction over a case in which a plaintiff has never presented a discrimination complaint to the appropriate administrative authority. *Sommatino*, 255 F.3d at 709. *See also Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002) (federal subject matter jurisdiction requires a plaintiff to exhaust administrative remedies before seeking adjudication of a Title VII claim by filing a timely charge with the EEOC).

Here, Plaintiff has failed to allege that she exhausted her administrative remedies. As a result, the Court cannot discern whether or not the Court has subject matter jurisdiction over her case, for the Title

VII claims.[1]

Plaintiff also alleges an ADEA claim in her Complaint; however, she has failed to state a prima facie case for this claim.[2] Under the ADEA, "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). In order to establish a prima facie case of discrimination under the ADEA, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir.2004) (applying the Title VII framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). *See also Shelley v. Geren*, 666 F.3d 599, 607-08 (9th Cir. 2012) (to survive

---

[1] Plaintiff is not required to exhaust her administrative remedies before filing a federal claim under the ADEA. *See* 29 C.F.R. § 1613.513 ("The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint"); *Bak v. Postal Service, (U.S.)*, 52 F.3d 241, 244 (9th Cir. 1995) (holding "the amended regulations [*i.e.*, 29 C.F.R. § 1613.513] eliminate the exhaustion requirement for age discrimination claims").

[2] To the extent that the Court has jurisdiction over Plaintiff's Title VII claims, she has also failed to state a claim. In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish that: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that she committed a protected act, such as complaining about discriminatory practices; (2) that she suffered some sort of adverse employment action; and (3) a causal connection between her action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008).

If Plaintiff amends her Complaint, she must, in addition to showing that she exhausted her administrative remedies, establish a prima facie case for each of her claims.

summary judgment on ADEA claim, plaintiff must establish prima facie case under *McDonnell Douglas* framework); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008) (holding that the *McDonnell Douglas* framework applies to ADEA claims). If Plaintiff amends her Complaint, she must establish a prima facie case for her ADEA claim.

Therefore, the Court dismisses Plaintiff's Complaint, with leave to amend, if she believes she can correct the deficiencies in her Complaint.

Accordingly and for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **January 28, 2014**, to file an Amended Complaint, if Plaintiff believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 27th day of December, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE